UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RAYMOND SCOTT,

                    Plaintiff,                          **DECISION AND ORDER**

                v.                                      6:21-CV-06255 EAW

THE SOCIAL SECURITY
ADMINISTRATION, BENJAMIN
KABAT, and BRADLEY PARKER,

                    Defendants.

## INTRODUCTION

*Pro se* plaintiff Raymond Scott ("Plaintiff") brings this action against defendants the Social Security Administration (the "SSA"), Benjamin Kabat ("Kabat"), and Bradley Parker ("Parker") (collectively "Defendants"), alleging various claims related to his receipt of social security disability benefits.  (Dkt. 23).[1]

The Court previously granted Plaintiff leave to proceed *in forma pauperis*.  (Dkt. 22).  At that time, the Court reviewed Plaintiff's complaint as required by 28 U.S.C. § 1915(e)(2) and dismissed his claims, but granted him leave to replead.  (*Id.*).

---

[1]      Since commencing this action, Plaintiff has filed twelve amended complaints.  (Dkt. 3; Dkt. 4; Dkt. 5; Dkt. 7; Dkt. 8; Dkt. 14; Dkt. 16; Dkt. 18; Dkt. 19; Dkt. 20; Dkt. 21; Dkt. 23).  Although this was improper, *see* Fed. R. Civ. P. 15(a)(1) & (2) (providing that a party may amend a pleading once as a matter of course within the timeframes set forth therein, and "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave"), in light of Plaintiff's *pro se* status, the Court treated the eleventh amended complaint as the operative pleading in its previous screening order (*see* Dkt. 22).

Plaintiff filed his twelfth amended complaint on November 21, 2022.  (Dkt. 23).

Thereafter, Defendants filed a motion to dismiss on January 20, 2023, arguing that

Plaintiff's twelfth amended complaint should be dismissed pursuant to Rules 12(b)(1),

12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure.  (*See* Dkt. 25).  The Court

issued a scheduling order (*see* Dkt. 27), and Plaintiff responded on February 13, 2023 (Dkt.

28; Dkt. 29).  Defendants filed a reply on February 14, 2023 (Dkt. 30), and Plaintiff filed

a further response on March 16, 2023 (Dkt. 32; Dkt. 33).  For the following reasons,

Plaintiff's twelfth amended complaint is dismissed.[2]

## **BACKGROUND**

The following facts are taken from Plaintiff's twelfth amended complaint.  (Dkt.

23).  As required at this stage of the proceedings, the Court treats Plaintiff's factual

allegations as true.

The majority of Plaintiff's allegations are the same as the allegations contained in

his eleventh amended complaint.  (*Compare* Dkt. 21 *with* Dkt. 23).  Specifically, Plaintiff

alleges that "[t]hroughout the years 2018 to 2021," the SSA requested by mail and in person

that Plaintiff furnish proof that he was disabled.  (Dkt. 23 at 2).  The SSA made these

requests despite the fact that Plaintiff had advised the SSA by mail and in person that he

no longer received disability benefits, but was instead receiving retirement benefits and

despite the fact that Plaintiff had "proved his disability before getting disability benefits

---

[2]    Also pending before the Court is a motion for summary judgment and to proceed under a pseudonym, filed by Plaintiff on June 5, 2023.  (Dkt. 35).  In light of the Court's dismissal of this action, the motion for summary judgment and to proceed under a pseudonym is denied as moot.

years prior[.]" (*Id*.). Plaintiff also advised the SSA "on several occasions that he had already made an arrangement with [the] SSA to have monthly benefits reasonably reduced due to an oversight in overpayment by [the] SSA." (*Id*. at 2-3). Plaintiff's social security benefits "were taken and not restored until well after he relocated from local administrative jurisdiction of Elmira, NY to NYC where the benefit amount that he received was properly reinstated." (*Id*. at 3). Plaintiff claims to have suffered physically and financially due to the SSA's actions and asserts claims for "Civil rights (The right to government services)" and "Personal injury (financial injury, stress, loss of eyesight, chest pain, emotional pain and suffering)." (*Id*. at 3-4). Plaintiff seeks $8,853,780 in damages. (*Id*. at 4).

Plaintiff further alleges that in 2020 through 2021, Kabat and Parker, who are agents of the SSA, called his personal cell phone and "told him they had to give him something but would not tell him what it was[.]" (*Id*. at 5). Kabat and Parker also made "obscene, threatening and derogatory comments" to Plaintiff. (*Id*.). Kabat and Parker came to Plaintiff's home and place of business in an attempt to contact Plaintiff, and obtained confidential information regarding Plaintiff. (*Id*.). On March 10, 2020, Kabat and Parker—accompanied by Elmira, New York police—placed a summons on Plaintiff's door. (*Id*.). Plaintiff seeks to assert claims against Kabat and Parker for "Denial of the right to receive allowed federal benefits" and "Personal Injury (stress, mental, emotional, chest pain, suffering and blindness)." (*Id*. at 6).

## **DISCUSSION**

Defendants argue that Plaintiff's claims should be dismissed for the following reasons: (1) Defendants were not properly served, and therefore Plaintiff's complaint must be dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure; (2) the claims against the SSA, Kabat, and Parker must be dismissed, and the United States should be substituted as a defendant; (3) the Court lacks subject matter jurisdiction because Plaintiff has failed to comply with the Federal Tort Claims Act's presentment requirement; and (4) Plaintiff has failed to allege a cognizable civil rights violation or a claim pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Dkt. 25-5 at 9-17).

## I.   **Legal Standards**

### A.   **Rule 12(b)(1)—Subject Matter Jurisdiction**

"A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it. . . ." *Cortlandt St. Recovery Corp. v. Hellas Telecomms, S.á.r.l*, 790 F.3d 411, 416-17 (2d Cir. 2015) (quotation and citation omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "When considering a motion to dismiss for lack of subject matter jurisdiction . . . a court must accept as true all material factual allegations in the complaint." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998); *see also Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) ("In resolving a motion to dismiss under Rule

12(b)(1), the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction.").  Further, the Court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but it may not rely on conclusory or hearsay statements contained in the affidavits." *Matthias v. United States*, 475 F. Supp. 3d 125, 133 (E.D.N.Y. 2020) (alteration omitted) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)).

### B.  Rule 12(b)(6)—Failure to State a Claim

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).  A court should consider the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016).  To withstand dismissal, a plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his

entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). While the Court is "obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must satisfy the plausibility standard set forth in *Iqbal* and *Twombly*, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("Even after *Twombly*, though, we remain obligated to construe a *pro se* complaint liberally.").

## II.   Federal Tort Claims Act (FTCA) Claims

The Court turns first to claims brought pursuant to the FTCA, since Defendants have raised issues with respect to the Court's subject matter jurisdiction over those claims.

### A.  The United States is the Proper Party[3]

Defendants contend that the United States should be substituted as the proper party to this action. (Dkt. 25-5 at 10-11); *see also Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 509 (2d Cir. 1994) ("In a tort action against federal officers, 28 U.S.C. § 2679(b)(1) provides for the substitution of the United States as a party upon certification by the Attorney General that the officers were acting within the scope of their employment."); *Mayes v. United States Postal Service,* No. 19-CV-355 (JLS), 2020 WL

---

[3]   Plaintiff's initial complaint named the United States as a defendant to the action (*see* Dkt. 1), but the United States is not named as a defendant in the twelfth amended complaint.

2465086, at *5 (W.D.N.Y. May 13, 2020) ("the FTCA provides a limited waiver of the United States' sovereign immunity and does not authorize lawsuits against federal agencies").  In his response papers, Plaintiff concedes that the United States should be substituted as a party in place of the named Defendants.  (Dkt. 28 at 12 (conceding that the "actions should be dismissed against the current defendants," and requesting that the United States be substituted in their place)).

Defendants have submitted a Certification from Trini E. Ross, the United States Attorney for the Western District of New York, dated January 17, 2023, and stating that defendants Kabat and Parker "were acting within the scope of their federal office or employment at the time of the incidents out of which Plaintiff's claims arose."  (*See* Dkt. 25-1).  Accordingly, for any claims Plaintiff brings pursuant to the FTCA, those claims are dismissed as to the SSA, Parker, and Kabat, and the United States is hereby substituted as the proper defendant.

## B.  The Presentment Requirement

The Court turns next to Defendants' argument with respect to administrative exhaustion—specifically, that Plaintiff has not alleged when he complied with the presentment requirement, and therefore the Court lacks subject matter jurisdiction over the FTCA claims.  (Dkt. 25-5 at 11-14).

"[T]he United States, as sovereign, is immune from suit save as it consents to be sued."  *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (quotation and citation omitted). Sovereign immunity extends to federal agencies, *see F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its

agencies from suit."), and to "federal officers in their official capacities," *Robinson*, 21 F.3d at 510. As relevant here, the FTCA waives sovereign immunity for certain claims arising out of tortious conduct by federal agents. However, before bringing any such claim in court, a plaintiff must first exhaust his administrative remedies before the relevant federal agency. Specifically, 28 U.S.C. § 2675 provides that "[a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant *shall have first presented* the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a) (emphasis added); *see also Yunkeung Lee v. United States*, 570 F. App'x 26, 27 (2d Cir. 2014) ("Prior to filing an FTCA action, a plaintiff must exhaust administrative remedies, which include presenting the claim to the appropriate federal agency."). The claim must be filed with the appropriate federal entity "within two years of the injury's accrual." *Leytman v. United States*, 832 F. App'x 720, 722 (2d Cir. 2020) (citing 28 U.S.C. § 2401(b)). The exhaustion requirement "is jurisdictional and cannot be waived." *Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005). Plaintiff "bears the burden of showing that [ ]he exhausted h[is] administrative remedies by presenting h[is] claim to the appropriate federal agency before filing suit." *Cooke v. United States*, 918 F.3d 77, 80 (2d Cir. 2019).

In support of their argument that Plaintiff has failed to comply with the presentment requirement, Defendants submit the December 8, 2022 declaration of Brandon Dell'Aglio,

an attorney and FTCA Team Leader for the SSA.[4]  (Dkt. 25-2 at ¶ 1; *see also* Dkt. 25-5 at 13).   Mr. Dell'Aglio is responsible for the intake, investigation, processing, and adjudication of all tort claims, and he directs the activities of various employees responsible for logging and processing claims submitted against the SSA pursuant to the FTCA.  (Dkt. 25-2 at ¶ 2).  Mr. Dell'Aglio states that on December 8, 2022, he searched his records to determine whether Plaintiff or an authorized representative filed an administrative tort claim against the SSA, and to the best of his knowledge, information, and belief, "no administrative tort claim has been filed against SSA by the Plaintiff herein, relative to the claims asserted in the above-captioned action."  (*Id*. at ¶¶ 4-5).

In response, Plaintiff argues that the Dell'Aglio declaration is "not accurate," and that he has complied with the requirements of the FTCA.  (*See* Dkt. 28 at 1-2; *see also* Dkt. 32 at 3).  Plaintiff submits various documents, including copies of a Form SF-95, Claim for Damage, Injury, or Death, which he sent by mail to various officials, including: the Office of the Counsel of the Inspector General; Kilolo Kijakazi, Acting Commissioner of the SSA; Christian J. Schrank, Deputy Inspector General for Investigations; and "Assistant Attorney General."  (*See* Dkt. 28 at 5-6, 10-11, 14-23).  These documents reflect that

---

[4]     The Court is not limited to the allegations in the complaint when evaluating this portion of Defendants' motion to dismiss.  "While facts to consider in the context of a Rule 12 motion to dismiss are generally limited to those set forth in the pleadings, a court may consider matters outside the pleadings when determining . . . whether subject matter jurisdiction exists."  *United States ex rel Coyne v. Amgen, Inc.*, 229 F. Supp. 3d 159, 162 (E.D.N.Y. 2017), *adopted*, 243 F. Supp. 3d 295 (E.D.N.Y. 2017), *aff'd*, 717 F. App'x 26 (2d Cir. 2017).

Plaintiff mailed the SF-95 forms in November 2022, and also in January and February 2023.  (*Id*. at 16-23).

While Plaintiff alleges that he presented his claim to the agency as required by the FTCA (Dkt. 23 at 6; *see also* Dkt. 28 at 1-2), he does not allege when he presented his claims to the SSA, and as noted above, the record before the Court reflects that Plaintiff mailed the SF-95 forms *after* he filed his FTCA claim in federal court in March 2021. Accordingly, Plaintiff has failed to comply with the presentment requirement insofar as he was required to present his claim to the SSA *prior to* filing his case in federal court.

In addition, 28 U.S.C. § 2675(a) provides that an FTCA action shall not be instituted until the claim is finally decided by the agency, or if six months pass without a final disposition by the agency.  *See also Phillips v. Generations Family Health Ctr*., 723 F.3d 144, 147 (2d Cir. 2013) ("The claimant can only initiate his or her lawsuit once the claim has been denied by the agency (or if the agency has failed to make a decision within six months after the claim was filed)."); *Nguyen v. Kijakazi*, No. 20-CV-607 (MKB), 2022 WL 542265, at *6 (E.D.N.Y. Feb. 23, 2022) (same).  Plaintiff has not demonstrated if or when the SSA received his claim[5], nor has he demonstrated that the claim was either finally

---

[5]      Plaintiff submits USPS tracking notifications indicating that his "item was picked up at a postal facility" in Baltimore, MD, on November 25, 2022, and in Washington, D.C., on November 22, 2022.  (*See* Dkt. 28 at 6, 10; *see also* Dkt. 32 at 10, 12 (USPS tracking notifications indicating that items were picked up on November 28, 2022, in Baltimore, MD, and in Washington, D.C.)).  In the face of the sworn declaration from Mr. Dell'Aglio, the Court does not find that these documents demonstrate that the SSA received Plaintiff's claim.  Even if these tracking notifications demonstrated receipt by the agency, as further discussed above, the claim would not have been received prior to Plaintiff's filing his case in federal court.

decided by the SSA or that he waited six months before filing this case in federal court. Finally, in the absence of any allegation as to when his claim was filed with the SSA, Plaintiff cannot demonstrate that his claim was filed within two years of his injury's accrual, as required by 28 U.S.C. § 2401(b).

As explained above, Plaintiff has filed several complaints in this matter, beginning in March 2021, and continuing through November 2022, but he has failed to demonstrate compliance with the presentment requirement.  For those reasons, the Court lacks subject matter jurisdiction over Plaintiff's FTCA claims.  *See Leytman*, 832 F. App'x at 722 ("Failure to comply with this exhaustion requirement deprives Article III courts of subject matter jurisdiction over FTCA claims."); *Tamares v. United States*, No. 07 Civ. 0688(PKL), 2009 WL 691002, at *4 (S.D.N.Y. Mar. 17, 2009) ("Because plaintiff failed to satisfy the presentment requirements of the FTCA, the United States retains sovereign immunity and this Court does not have subject matter jurisdiction over plaintiff's claim."); *see also Nguyen*, 2022 WL 542265, at *7 (collecting cases, and finding that the court lacked subject matter jurisdiction because "Plaintiff has not alleged any facts suggesting that he complied with the FTCA's exhaustion requirements").  Accordingly, Plaintiff's FTCA claims are dismissed without prejudice.[6]

---

[6]      A complaint must be dismissed without prejudice where the dismissal is due to a lack of subject matter jurisdiction.  *Katz v. Donna Karen Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017) ("when a case is dismissed for lack of federal subject matter jurisdiction, Article III deprives federal courts of the power to dismiss the case with prejudice." (quotations and alteration omitted)).  Defendants argue that "a time-barred FTCA claim must be dismissed with prejudice."  (Dkt. 25-5 at 14 (citing *Pryce v. United States*, No. 21 Civ. 1698 (KPF), 2022 WL 3155842, at *6 (S.D.N.Y. Aug. 8, 2022)).  As explained above, the Court has dismissed Plaintiff's FTCA claims based on a lack of subject matter

### III.    Civil Rights Violations or State Law Claims

Defendants also argue that, to the extent Plaintiff brings claims for civil rights violations, any such claims must be dismissed.  (Dkt. 25-5 at 14-15; *see also* Dkt. 23 at 4-6 (alleging violations of "civil rights," including the right to government services and the right to receive federal benefits)).  Defendants further contend that any claim brought pursuant to *Bivens* must be dismissed.  (Dkt. 25-5 at 15-17).  In his response papers, Plaintiff clarifies that he is not seeking relief against Kabat and Parker under *Bivens*.  (Dkt. 28 at 13 (stating that "Plaintiff . . . is not seeking relief under *BIVENS*," but that he "reserves all rights)).[7]

As explained above, the doctrine of sovereign immunity extends to federal agencies and employees.  Accordingly, Plaintiff may assert a claim against the SSA only to the extent that the United States has waived its sovereign immunity.  To the extent Plaintiff is seeking damages based on any alleged failure to pay him social security benefits or allege

---

jurisdiction, including because Plaintiff has failed to carry his burden of demonstrating that he complied with the presentment requirement.

[7]    Even if Plaintiff was seeking relief under *Bivens*, any such claim would be dismissed.  As previously explained by the Court, where a plaintiff "seeks damages for a civil rights violation by officers employed by a federal agency . . . the only possible basis for the exercise of [the] Court's federal question jurisdiction" is *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).  *Richardson v. Robinson*, No. 19-CV-6911 PKCLB, 2019 WL 6913324, at *2 (E.D.N.Y. Dec. 19, 2019).  "A *Bivens* action is a judicially-created remedy designed to provide individuals with a cause of action against federal officials who have violated their constitutional rights."  *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007).  However, the *Bivens* remedy is limited to certain specific contexts, none of which is implicated by Plaintiff's allegations in this case.  Plaintiff has also not alleged facts that rise to the level of a constitutional violation.

wrongful termination of social security benefits, "the United States has not waived its sovereign immunity for claims by a Social Security claimant seeking monetary relief in addition to benefits awards." *Donnelly v. Barnhart*, 80 F. App'x 701, 702 (2d Cir. 2003). "Accordingly, to the extent Plaintiff is seeking monetary damages for violations of the Social Security Act, his claim is barred by sovereign immunity." *Nguyen*, 2022 WL 542265, at *5. Plaintiff has had several opportunities to plead a cognizable civil rights violation, but he has failed to do so. Accordingly, any claims for alleged civil rights violations are dismissed with prejudice.

To the extent Plaintiff seeks to assert state law tort claims against defendants Kabat and Parker in their individual capacities, such as for personal injuries, because the Court has determined that Plaintiff has no viable federal claims, it declines to exercise supplemental jurisdiction over any such claims. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006).[8] The Court further notes that any such state law tort claims would in all likelihood be barred by the Westfall Act, which "accords federal employees absolute immunity from tort claims arising out of acts undertaken in the course

---

[8]     Plaintiff alleges that he, Kabat, and Parker all reside in New York (*see* Dkt. 23 at 1-2), and there is nothing in the pleadings suggesting that the Court would have diversity jurisdiction over any state law claims.

of their official duties[.]"  *Osborn v. Haley*, 549 U.S. 225, 225 (2007).[9]  Accordingly, any alleged state law claims are dismissed without prejudice.[10]

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss (Dkt. 25) is granted, and Plaintiff's claims in the twelfth amended complaint are dismissed as further discussed herein.  The Clerk of Court is directed to enter judgment in favor of Defendants and to close this case.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United

---

[9]     Defendants have also raised issues with respect to service of the summons and complaint.  (Dkt. 25-5 at 9-10).  Here, Plaintiff was granted leave to proceed *in forma pauperis* (*see* Dkt. 22), and at the time Defendants filed their motion to dismiss, the Court had not yet screened the twelfth amended complaint, which the Court permitted Plaintiff to file in the October 11, 2022 Decision and Order (*see id*. at 7).  If after screening a complaint pursuant to 28 U.S.C. § 1915(e)(2) the Court finds that it includes viable claims, the Court would ordinarily direct the Clerk of Court to cause the United States Marshals Service to serve copies of the summons, complaint, and the Court's screening order upon any defendants.  Because Defendants filed their motion to dismiss prior to the Court's screening order being issued, the complaint has not yet been served.  Therefore, this serves as an independent ground for dismissal.

[10]     Because the Court declines to exercise supplemental jurisdiction over these claims, they are dismissed without prejudice.  *See, e.g., Doe v. Grindr, LLC*, No. 21-CV-4589 (AMD) (PK), 2022 WL 3139101, at *7 (E.D.N.Y. Aug. 5, 2022) (declining to exercise supplemental jurisdiction over the remaining claims and crossclaim under state law, and dismissing those claims without prejudice).

States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal

Rules of Appellate Procedure.

       SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:  September 20, 2023
         Rochester, New York